Michael S. Agruss (SBN: 259567)
G. Thomas Martin, III, Esq. (SBN 218456)
Ryan Lee (SBN: 235879)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
magruss@consumerlawcenter.com
Attorneys for Plaintiff,

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| DAVID JACK ) | Case No.: |
| ) | |
| Plaintiff, ) | **VERIFIED COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| vs. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| FIRST NATIONAL COLLECTION ) | |
| ) | |
| BUREAU INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW the Plaintiff, DAVID JACK ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, FIRST NATIONAL COLLECTION BUREAU INC. alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

//

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

*4.* Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

6. Plaintiff is a natural person residing in Sacramento, Sacramento County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with a business office in Reno, Washoe County, Nevada.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant called Plaintiff from 775-412-4499 and Plaintiff believes from 800-824-6191 and blocked and unknown numbers.

13. Defendant is attempting to collect a debt Plaintiff does not owe.

14. Defendant asked for "Marty Kline."

15. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

16. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

17. Defendant failed to identify itself as a debt collector in subsequent communications.

18. Defendant did not send Plaintiff a debt validation letter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    d. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.

    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in

an attempt to collect a debt because Plaintiff does not owe the money Defendant is attempting to collect.

f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

h. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.

i. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with

the name and address of the original creditor, if different from the current creditor.

21. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

22. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

    b. Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiffs repeatedly and continuously so as to annoy Plaintiff.

    c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency as to be unreasonable and to constitute and harassment to Plaintiff under the circumstances.

    d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

23. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

24. Actual damages.

25. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

26. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

27. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

28. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: May 7, 2009                KROHN & MOSS, LTD.


By: /s/ Michael S. Agruss

Michael S. Agruss
Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID JACK, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

    Plaintiff, DAVID JACK, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, DAVID JACK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED: 4-29-09        [signature]

                DAVID JACK

# **EXHIBIT A**

VERIFIED COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — YES **NO**
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — YES **NO**
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: ANGER, RAGE

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4-30-09

Signed Name: [signature]

Printed Name: DAvid W JAck